IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WENMEI PAN, in her own right and as mother of decedent YISHUN QIU a/k/a MICHAEL QIU; and<br>YIFAN QIU, in her own right and as sister of decedent YISHUN QIU a/k/a MICHAEL QIU<br>Plaintiff<br><br>v.<br><br>PEDRO RIVERA; JOHN AND JANE DOE; INSURANCE COMPANIES ABC<br><br>Defendants | **Civil No. 2025cv**<br><br>**Wrongful Death; Diversity**<br>**Jury Trial** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, WENMEI PAN and YIFAN QIU, through undersigned counsel, and respectfully STATE, ALLEGE, and PRAY:

### I. INTRODUCTION

1. This is a civil action for wrongful death and damages resulting from the death of Yishun Qiu a/k/a Michael Qiu ("Michael"), caused by the grossly negligent and reckless actions of Defendant Pedro Rivera in Dorado, Puerto Rico on or about December 22, 2024.

2. Michael died of hyponatremia (critically low sodium levels in his blood), the direct result of being forced to consume excessive amounts of water by Defendant Rivera at his residence.

3. Plaintiffs seek compensatory damages for their emotional pain and suffering, loss of companionship, and economic and non-economic damages under applicable Puerto Rico and federal law.

## II.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction), as Plaintiffs are citizens of the People's Republic of China and the United Kingdom, and Defendant is domiciled in Puerto Rico. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.   THE PARTIES

6. Plaintiff Wenmai Pan is a citizen of the People's Republic of China and the mother of decedent Michael Qiu.

7. Plaintiff Yifan Qiu is a citizen of the United Kingdom and the sister of decedent Michael Qiu.

8. Defendant Pedro Rivera ("Rivera" or "Defendant") is an individual residing in Dorado, Puerto Rico.

## IV.   FACTUAL ALLEGATIONS

9. On or about December 18, 2024, Michael traveled to Puerto Rico for business related to cryptocurrency events and stayed at the home of Rivera at 475 Calle de Marbella, Dorado.

10. Between December 18 and December 22, Rivera engaged in controlling and abusive behavior toward Michael, including coercing him to engage in delusional "rituals" and consume excessive amounts of water.

11. During his stay at Rivera's residence in Dorado, Puerto Rico, Michael was subjected to sustained psychological manipulation and physical coercion. Over the span of several days, Rivera, while under the influence of narcotics, compelled Michael to consume *dangerously excessive quantities of water*—a form of physical abuse that would ultimately prove fatal.

12. The abuse was not accidental. Rivera instructed Michael to continuously drink wáter substantial quantities of water. Michael was visibly distressed, physically disoriented, and mentally deteriorating due to the effects of waterintoxication and Rivera's behaviour. Video footage recorded by others present at the address shows Rivera shouting at Michael and ordering him to write on a whiteboard whilst referring to him as "Mr Chow", a seemingly racial slur aimed at Michael's ethnicity.

13. Despite clear signs of neurological and cognitive breakdown—slurred speech, confusion, loss of coordination, emotional instability, and ultimately loss of bladder control—Rivera continued to scream at Michael to "drink more water," in front of other onlookers. On multiple occasions, Michael asked Rivera to stop making him drink water. Rivera ignored these cries.

14. Despite concerns raised by others present at the house who pleaded with Defendant to stop force-feeding water to Michael and even tried to physically stop him from doing so, Rivera continued forcing water into Michael's mouth, stating that it was necessary for "purification" and to receive "divine messages."

16. Video evidence shows Michael struggling to breathe and moaning while lying unresponsive, as Rivera livestreamed the scene, ignored signs of medical distress, and spoke incoherently about divine intervention.

18. When Michael began to lose consciousness and showed signs of *acute hyponatremia* (a medical emergency), Rivera continued to record him and shout orders, refusing to allow him to rest or seek medical help. He did not call 911.

19. On the night of December 21 and early morning of December 22, Michael was found in an unresponsive state.

20. Witnesses attempted to intervene and called 911, but the Defendant locked Michael in a room, refused entry to emergency responders, and continued his erratic and dangerous conduct.

21. Michael died on December 22, 2024. The cause of death was determined to be hyponatremia due to excessive water intake.

22. Defendant Rivera's actions were reckless, negligent, and directly responsible for the wrongful death of Michael Qiu.

23. Plaintiffs have suffered severe mental anguish, emotional distress, and loss of their beloved son and brother.

## V.   CAUSES OF ACTION

### Count I - Wrongful Death (Puerto Rico Civil Code)

24. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

25. Defendant owed a duty of care to Michael, a guest in his home, purported friend, and person within his proximity and control, to act reasonably and safeguard his wellbeing. He also owed a duty when Michael became acutely unwell to take reasonable steps to obtain medical care for him.

26. Defendant breached this duty by engaging in coercive, reckless, and negligent conduct, including force-feeding water and obstructing medical care.

27. As a direct and proximate result of Defendant's conduct, Michael suffered fatal injuries and died.

28. Plaintiffs are entitled to damages for mental anguish, loss of companionship, and funeral-related expenses pursuant to Article 1802 of the Puerto Rico Civil Code.

**Count II – Punitive Damages**

29. Under Puerto Rico law, when the conduct giving rise to damages also constitutes a crime or reflect a wanton disregard of the safety and life of others, the victim or their successors may recover punitive damages in an amount not to exceed the amount awarded as compensatory damages.

30. The conduct of Defendant Pedro Rivera, as described herein, constitutes more than mere negligence. His acts and omissions—including repeatedly and forcibly administering excessive amounts of water to Michael Qiu, knowingly endangering his life, refusing to allow paramedics to intervene, locking Michael in a room while unconscious and vulnerable, and continuing to act with wanton disregard for human life—amount to criminally reckless or intentional behavior.

31. The Puerto Rico Penal Code criminalizes reckless and grossly negligent conduct that results in death, and Defendant's conduct is being actively investigated by law enforcement authorities as potentially criminal.

32. Accordingly, Plaintiffs are entitled to an award of punitive damages in an amount equal to or up to the amount of compensatory damages awarded, as permitted by Puerto Rico law.

Plaintiffs demand trial by jury on all counts so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

A. Enter judgment in favor of Plaintiffs and against Defendant;

B. Award compensatory and punitive damages in an amount to be determined at trial;

C. Award pre-judgment and post-judgment interest as allowed by law;

D. Award reasonable attorneys' fees and costs as permitted by law; and

E. Grant any further relief the Court deems just and proper.

Respectfully submitted,

In San Juan, Puerto Rico, this 18th day of December, 2025.

**CASTAÑER & BAELLA LLC**

MAI Center
Marginal Kennedy
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

Attorneys for Plaintiff

By:s/Alberto Castañer
**Alberto J. Castañer**
USDC-PR No. 225706