**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WENMEI PAN, in her own right and as mother of decedent YISHUN QIU a/k/a MICHAEL QIU; and YIFAN QIU, in her own right and as sister of decedent YISHUN QIU a/k/a MICHAEL QIU<br>Plaintiff<br><br>v.<br><br>PEDRO RIVERA; JOHN AND JANE DOE; INSURANCE COMPANIES ABC<br><br>Defendants | **Civil No. 2025cv1679**<br><br>**Wrongful Death; Diversity**<br>**Jury Trial** |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S *PRO SE* ANSWER AND FOR
ENTRY OF DEFAULT**

**TO THE HONORABLE COURT:**

**COME NOW,** Plaintiffs Wenmei Pan and Yifan Qiu, through undersigned counsel, respectfully move this Court, pursuant to Federal Rules of Civil Procedure 8(b), 12(f), and 55(a), and pursuant to this Court's inherent power to enforce its own orders, to strike the deficient *pro se* filing at ECF No. 7 and to direct the Clerk to enter default against Defendant Pedro Rivera for his failure to plead or otherwise defend within the deadline this Court expressly ordered. In support thereof, Plaintiffs state as follows:

## I.    PROCEDURAL BACKGROUND

1.    On December 18, 2025, Plaintiffs filed their Complaint alleging wrongful death arising from Defendant Pedro Rivera's fatal force-feeding of decedent Yishun Qiu a/k/a Michael Qiu. (ECF No. 1.)

2.    Defendant was served with process on January 20, 2026. (ECF No. 4.) His answer was due February 10, 2026.

3.    On February 20, 2026, Plaintiffs moved for entry of default after Defendant failed to timely respond. (ECF No. 5.)

4.    On February 23, 2026, Defendant filed a *pro se* purported Answer. (ECF No. 7.)

5.    On February 24, 2026, this Court denied Plaintiffs' default motion and ordered Defendant to **"**retain an attorney and to **properly answer the complaint** or otherwise plead through counsel by 3/26/2026," warning that "[f]ailure to comply with this order may entail the imposition of sanctions." (ECF No. 8.)

6.    On March 25, 2026, Defendant filed a *pro se* motion for a thirty-day extension to retain counsel. (ECF No. 9.)

7.    On March 26, 2026, this Court granted the extension and again ordered Defendant to "**properly answer the complaint** or otherwise plead through counsel" by April 30, 2026, repeating its sanctions warning. (ECF No. 10.)

8.    Defendant filed nothing by April 30, 2026.

9.    On May 7, 2026, this Court issued an Order acknowledging that "Defendant Pedro Rivera has failed to comply with the Order at ECF No. 10" and allowing him to proceed *pro se* going forward. (ECF No. 11.) That Order did not validate the ECF No. 7 filing as a compliant answer, nor did it relieve Defendant of his resulting default.

## II.   ARGUMENT

**A.   The ECF No. 7 Filing Must Be Stricken Because It Did Not—and Cannot—Satisfy This Court's Orders Requiring a Proper Answer.**

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," acting "on its own" or "on motion made by a party." Fed. R. Civ. P. 12(f). The rule is the principal mechanism for challenging a legally deficient pleading. *See* 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) (Wright & Miller). Critically, the inherent power of a federal court to enforce its orders by striking a recalcitrant party's pleadings is well established: "[i]n a proper case, an entire pleading may, on motion, be stricken off," and "[f]ailure to comply with an order for a more definite statement may result in the court's striking the deficient pleading." 2 Am. Law of Torts § 7:16. Moreover, "by virtue of its inherent power, the court has authority by summary means to prevent an abuse of its processes and peremptorily to dispose of causes of action (or defenses) that are sham, frivolous, or wholly vexatious." *Id.* The First Circuit has affirmed that this inherent authority exists independently of any Rule. *In re Charbono*, 790 F.3d 80, 85 (1st Cir. 2015); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The District of Puerto Rico has similarly applied Rule 12(f) as the proper vehicle for striking noncompliant pleadings. *Grajales v. Puerto Rico Ports Auth.*, 897 F. Supp. 2d 7, 12 (D.P.R. 2013); *see also Garcia v. Hilton Hotels Int'l*, 97 F. Supp. 5 (D.P.R. 1951); *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116 (D.P.R. 1972).

The Answer to Complaint at ECF No. 7 filing was made on February 23, 2026—the day before this Court, on February 24, ordered Defendant to file a **proper** answer by a date certain. (ECF No. 8.) That chronology is dispositive. A filing cannot simultaneously be the occasion for a court order requiring a proper answer and the answer that satisfies it. The Order at ECF No. 8 order was an express finding of insufficiency. The Order for an extended deadline in ECF No. 10 reaffirmed that a conforming responsive pleading was still required.

Courts in the First Circuit have held that failure to comply with such an order warrants striking the offending filing or dismissal. *Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket*, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing action for failure to comply with scheduling order requiring amended complaint in full compliance with pleading rules); *Diaz v. Drew*, 305 F. Supp. 3d 234, 235 (D. Mass. 2018) (same; dismissing without prejudice for failure to file compliant amended complaint by court-ordered deadline). And under the First Circuit's own precedent, striking a pleading is appropriate precisely when the offending party has violated a preexisting court order—which is exactly the case here. *United States v. One 1987 BMW 325*, 985 F.2d 655, 657 (1st Cir. 1993).

The Court's May 7, 2026 Order (ECF No. 11) does not rescue the ECF No. 7 filing. That Order addressed only Defendant's representational status going forward; it did not retroactively validate a filing that had been displaced by two successive court orders as a conforming answer. Accordingly, the ECF No. 7 filing should be stricken in its entirety.

**B.    The ECF No. 7 Filing Is Independently Deficient Under Federal Rule of Civil Procedure 8(b).**

Even if the Court were to treat the Answer at ECF No. 7 as the operative answer—which Plaintiffs submit it should not—it still fails on its face to constitute a proper answer under Rule 8(b) and is independently subject to being stricken.

Rule 8(b) requires a party to "state in short and plain terms its defenses to each claim asserted" and to "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1). Critically, Rule 8(b)(3) permits a general denial only where the pleader "intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds." Where a party does not intend in good faith to controvert all averments, the rule requires specific denials of designated allegations, with express admission of the remainder. 2 Am. Law of Torts § 7:16. The treatise further confirms that "denials must fairly meet the substance of the averments denied," and that an assertion of want of knowledge "is ineffective if the fact to which it relates is known by the court to be so plainly and necessarily

within the defendant's knowledge that his averment of ignorance must be palpably untrue." *Id.* (citing *Ice Plant Equipment Co. v. Martocello*, 43 F. Supp. 281 (E.D. Pa. 1941)).

Rivera's Answer consists of nothing more than a blanket statement that Defendant "denies each and every allegation in the Complaint unless expressly admitted." This is a general denial as to literally every paragraph of the Complaint—including allegations that Defendant manifestly cannot deny in good faith. The Complaint alleges that Defendant resides at 475 Calle Via Marbella, Dorado, Puerto Rico; the ECF No. 7 filing itself lists that same address as Defendant's address of record. The Complaint alleges that Defendant is an individual domiciled in Puerto Rico; Defendant's own pro se filing confirms that. The Complaint alleges facts establishing diversity jurisdiction—facts Defendant does not and cannot dispute. A blanket denial of allegations that the pleader's own conduct confirms to be true does not satisfy Rule 8(b)'s good-faith requirement.

The consequence is compounded by Rule 8(b)(6), under which "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." A general denial that cannot in good faith encompass all allegations effectively functions as a non-answer as to those it improperly purports to deny. 2 Am. Law of Torts § 7:16. If the Answer is allowed to stand, Plaintiffs are left without knowing which allegations Defendant genuinely disputes and which he has, in effect, admitted.

This is an independent, alternative ground to strike the Answer. Whether the Court reaches it under the court-order non-compliance theory in Section A, or on the Rule 8(b) deficiency analysis here, the result is the same: there is no valid answer of record.

**C.    Default Must Be Entered Under Rule 55(a) Because Defendant Has Failed to Plead or Otherwise Defend.**

Federal Rule of Civil Procedure 55(a) is mandatory: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." The rule turns on whether the defendant has "failed to plead or otherwise defend" as required.

Defendant has done exactly that. This Court entered two successive orders—ECF Nos. 8 and 10—requiring Defendant to file a proper answer by April 30, 2026. He filed nothing. The premise that ECF No. 7 might satisfy those orders is foreclosed by the analysis in Sections A and B above: that filing predated and precipitated the court's orders and, independently, fails Rule 8(b)'s good-faith requirement. Neither ground of inadequacy has been cured.

The First Circuit's standard squarely supports entry of default here. In *United States v. One 1987 BMW 325*, 985 F.2d 655, 657 (1st Cir. 1993), the court held that striking a pleading or entering default is appropriate when the offending party has first violated a preexisting court order. That condition is unambiguously satisfied: ECF Nos. 8 and 10 were explicit preexisting directives, each carrying a sanctions warning, and Defendant violated both. The Rule 55(a) conditions are therefore met as a matter of law.

The May 7, 2026 Order (ECF No. 11) does not alter this conclusion. It acknowledged Defendant's non-compliance and permitted him to proceed pro se—it did not find that Defendant had answered the complaint, set a new answer deadline, or otherwise relieve him of his failure to plead. Entry of default and the question of whether to set it aside are distinct proceedings. *See* Fed. R. Civ. P. 55(c); *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). The Clerk must enter default, and Defendant may seek relief from that default through the proper procedural channel if he can establish good cause.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

(1)    Strike the *pro se* filing at ECF No. 7 as noncompliant with this Court's Orders at ECF Nos. 8 and 10, pursuant to Federal Rule of Civil Procedure 12(f) and this Court's inherent power, and as independently deficient under Federal Rule of Civil Procedure 8(b);

(2)    Direct the Clerk of Court to enter default against Defendant Pedro Rivera pursuant to

Federal Rule of Civil Procedure 55(a); and

(3)    Grant any further relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 11th day of May, 2026.

> **CASTAÑER & BAELLA LLC**
> MAI Center
> Marginal Kennedy
> 771 Cll 1, Ste 204
> San Juan, PR 00920
> Tel. (787) 707-0802
> Fax:1(888) 227-5728
> alberto@castanerlaw.com
>
> Attorneys for Plaintiff
>
> By:s/Alberto Castañer
> **Alberto J. Castañer**
> USDC-PR No. 225706

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and via email to Defendant Pedro Riveara to pedrorivera1628@gmail.com.

> By: /s/ Alberto J. Castañer
> Alberto J. Castañer, Esq.
> USDC 225706