

Case 3:25-cv-01679-CVR

2026 MAY 26 PM4:09
CLERK'S OFFICE USDC PR
RECEIVED AND FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

WENMEI PAN, et al.,
Plaintiffs,

v.                                    Civil No. 3:25-cv-01679-CVR

PEDRO RIVERA,
Defendant.

### DEFENDANT'S EMERGENCY MOTION TO STAY CIVIL PROCEEDINGS PENDING RESOLUTION OF PARALLEL CRIMINAL INVESTIGATION WITH REQUEST FOR EXPEDITED CONSIDERATION

### TO THE HONORABLE COURT:

COMES NOW Defendant Pedro Rivera, appearing pro se, and respectfully moves this Court on an emergency basis to stay all civil proceedings in this matter, including all discovery obligations, depositions, and pending response deadlines, pending resolution of the parallel criminal investigation referenced in Plaintiffs' own Complaint. Defendant requests expedited consideration of this motion prior to the May 26, 2026 deadline for responding to Plaintiffs' Motion to Strike and for Entry of Default (ECF No. 13). In support thereof, Defendant states as follows:

### I. INTRODUCTION AND REQUEST FOR EXPEDITED CONSIDERATION

Defendant respectfully requests that this Court consider this motion on an expedited basis prior to May 26, 2026, the deadline for Defendant's response to ECF No. 13. The reason for urgency is straightforward: if this Court grants a stay, the question of whether Defendant must file a conforming answer by May 26 becomes moot. Conversely, if the Court denies the stay, Defendant will immediately file his Opposition and conforming Answer by the May 26 deadline. Expedited consideration would serve judicial economy and protect Defendant's constitutional rights.

Plaintiffs' Complaint expressly alleged in Paragraph 31 that the events giving rise to this action were the subject of a criminal investigation by law enforcement authorities. That allegation was made as of December 2025. As of the date of this filing — May 22, 2026 — no criminal charges have been filed against Defendant. However, Defendant cannot confirm that the investigation has been formally closed, and he cannot rule out that it remains open or could be reopened. Defendant therefore invokes his Fifth Amendment privilege prophylactically and in good faith, not as a tactical maneuver.

Requiring Defendant to litigate this civil action under these circumstances places him in an unconstitutional dilemma: he must choose between asserting his Fifth Amendment privilege — which results in adverse civil inferences under Baxter v. Palmigiano, 425 U.S. 308 (1976) — or waiving that privilege and providing testimony that could be used against him criminally. A stay is the only remedy that fully resolves this dilemma without prejudicing either party.

## II. LEGAL STANDARD

Federal courts possess inherent authority to stay civil proceedings when parallel criminal proceedings or investigations create a substantial risk of prejudice to a defendant's constitutional rights. Landis v. North American Co., 299 U.S. 248, 254 (1936) ('the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket'). The United States Supreme Court has recognized that a stay may be appropriate to protect a civil defendant's Fifth Amendment rights where criminal prosecution is imminent or an investigation is active. United States v. Kordel, 397 U.S. 1, 9 (1970).

The First Circuit has likewise recognized the authority of federal courts to stay civil proceedings where parallel criminal matters create constitutional tension. See In re Grand Jury Subpoena, 826 F.3d 11, 24 (1st Cir. 2016). Courts in this Circuit consider the following factors in evaluating stay requests: (1) the extent to which the civil and criminal issues overlap; (2) the status of criminal proceedings; (3) the plaintiff's interest in proceeding expeditiously; (4) the burden on the defendant; (5) judicial efficiency; and (6) the public interest. See SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (widely cited standard applied across circuits).

## III. ARGUMENT

### A. The Civil and Criminal Matters Are Based on Identical Facts

The factual overlap between this civil lawsuit and the criminal investigation is complete. Plaintiffs' Complaint describes the same events, the same location, the same time period, and the same alleged conduct that form the basis of the criminal investigation. Every factual allegation in the Complaint — from the events of December 18 through December 22, 2024 at Defendant's residence in Dorado, Puerto Rico — is simultaneously a potential element of criminal liability. There is no meaningful distinction between the facts at issue in both proceedings. This complete overlap weighs heavily in favor of a stay.

### B. Defendant Faces Genuine and Substantial Fifth Amendment Prejudice

If this civil case proceeds without a stay, Defendant will be compelled to respond to discovery — interrogatories, requests for admission, document production, and depositions — all touching directly on the events that may form the basis of criminal charges. Defendant faces the precise constitutional dilemma identified by the Supreme Court in Kordel: he must either invoke the Fifth Amendment and suffer adverse civil inferences, or waive the privilege and provide the prosecution with evidence for a criminal case.

This dilemma is not hypothetical. Plaintiffs have already noted in their own Complaint that the events are under criminal investigation. The prospect of criminal charges, even without a formal indictment, is sufficient to trigger Fifth Amendment protections. See Kastigar v. United States, 406 U.S. 441 (1972); McCarthy v. Arndstein, 266 U.S. 34, 40 (1924) (Fifth Amendment applies in civil proceedings). Defendant cannot be forced to choose between his civil defense and his constitutional rights.

### C. Plaintiffs Will Not Be Prejudiced by a Stay

This case is in its earliest procedural stages. Discovery has not commenced. No scheduling order imposing discovery deadlines has been entered. The Joint Proposed Scheduling Memorandum is not due until June 8, 2026. No trial date has been set. Plaintiffs identify no lost evidence, no unavailable witnesses, and no time-sensitive discovery needs that would be prejudiced by a stay. Any monetary damages ultimately awarded are fully compensable through

post-judgment interest. See Landis, 299 U.S. at 256. The minimal inconvenience to Plaintiffs of a stay is substantially outweighed by the constitutional harm to Defendant of proceeding without one.

## D. Judicial Economy Favors a Stay

Proceeding with civil litigation while a criminal investigation remains unresolved risks substantial duplication of effort and potential inconsistency between civil and criminal proceedings. A stay at this early stage — before any discovery has occurred — preserves judicial resources and avoids the complications that arise when parallel proceedings generate conflicting records. If Defendant is ultimately charged and acquitted, or if the investigation is closed without charges, the civil case can proceed efficiently on a clean record.

## E. The Stay Need Not Be Indefinite

Defendant does not seek an indefinite stay. He requests only that proceedings be stayed until one of the following occurs: (1) law enforcement authorities formally close the criminal investigation without charges; (2) any criminal prosecution is resolved by acquittal, conviction, or dismissal; or (3) the applicable statute of limitations for any potential criminal charges expires. This Court retains full authority to modify, condition, or lift the stay at any time upon good cause shown, or to schedule periodic status conferences to monitor the progress of any criminal proceedings.

## IV. ALTERNATIVE RELIEF — PROTECTIVE ORDER

In the alternative, if this Court declines to grant a full stay of proceedings, Defendant respectfully requests that the Court enter a protective order providing the following minimum protections for Defendant's constitutional rights:

1. No discovery may be taken from Defendant regarding the events of December 18-22, 2024 until the criminal investigation is formally closed or the statute of limitations has expired;

2. Any depositions of Defendant be deferred until criminal proceedings are resolved;

3. Defendant may assert his Fifth Amendment privilege in response to any discovery request without any adverse inference being drawn therefrom in this civil proceeding; and

4. Any discovery responses by Defendant be subject to a clawback provision if later determined to implicate his Fifth Amendment rights.

## V. REQUEST FOR RELIEF

WHEREFORE, Defendant Pedro Rivera respectfully requests that this Honorable Court:

1. GRANT expedited consideration of this motion prior to May 26, 2026;

2. STAY all civil proceedings in this action, including all discovery, depositions, response deadlines, and scheduling requirements, pending resolution of the criminal investigation referenced in Plaintiffs' Complaint;

3. ORDER that no responses to discovery be required during the pendency of the stay;

4. SCHEDULE a status conference within 90 days to assess the status of the criminal investigation;

5. In the alternative, enter the protective order described in Section IV above; and

6. GRANT such other and further relief as the Court deems just and proper.

Defendant respectfully submits that this motion is made in good faith, not for purposes of delay, and that the constitutional interests at stake warrant the Court's expedited attention.

RESPECTFULLY SUBMITTED.

In Bayamon, Puerto Rico, this 22nd day of May, 2026.

Pedro Rivera

Defendant, Pro Se

Urb. Hermanas Davila, O-6 Calle 8

Bayamon, Puerto Rico 00959

Pedrorivera1628@gmail.com

Tel: 863-395-2103

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I served a true and correct copy of the foregoing upon counsel for Plaintiffs via email to alberto@castanerlaw.com.

By: /s/ Pedro Rivera — Pedro Rivera, Pro Se