

Case 3:25-cv-01679-CVR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

WENMEI PAN, et al.,
Plaintiffs,

v.                                      Civil No. 3:25-cv-01679-CVR

PEDRO RIVERA,
Defendant.

## DEFENDANT'S CONFORMING ANSWER TO COMPLAINT
## WITH NOTICE OF FIFTH AMENDMENT INVOCATION

### TO THE HONORABLE COURT:

COMES NOW Defendant Pedro Rivera, appearing pro se, and respectfully submits this Conforming Answer to Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 8(b). Defendant states as follows:

### I. NOTICE OF FIFTH AMENDMENT INVOCATION

As a threshold matter, Defendant Pedro Rivera hereby gives notice that he invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution with respect to all factual allegations in Plaintiffs' Complaint concerning the events of December 18 through December 22, 2024. The United States Supreme Court has recognized that the Fifth Amendment privilege applies in civil proceedings. See McCarthy v. Arndstein, 266 U.S. 34, 40 (1924); Kastigar v. United States, 406 U.S. 441 (1972).

Plaintiffs' own Complaint acknowledges in Paragraph 31 that the events giving rise to this action were the subject of a criminal investigation by law enforcement authorities as of December 2025. As of the date of this filing, May 22, 2026, no criminal charges have been filed against Defendant. However, Defendant cannot confirm that the investigation has been formally closed and cannot rule out that it remains open or could be reopened. Defendant therefore invokes his Fifth Amendment privilege prophylactically and in good faith as to all factual

matters concerning the events of December 18-22, 2024. This invocation is not an admission of any allegation in the Complaint and shall not be construed as such.

This Fifth Amendment invocation extends to and shall apply to all discovery requests, interrogatories, requests for admission, depositions, and any other form of compelled disclosure in this civil proceeding that touches upon the events of December 18-22, 2024, until such time as the criminal investigation is formally closed, any criminal prosecution is resolved, or the applicable statute of limitations has expired. Defendant reserves the right to respond more fully to all allegations upon resolution of any criminal investigation or proceedings.

## II. GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant Pedro Rivera denies each and every allegation contained in Plaintiffs' Complaint, and demands strict proof thereof. This general denial is made in good faith. Defendant specifically denies that his conduct caused or contributed to the death of the decedent, that he acted negligently or recklessly, that he breached any duty of care, and that Plaintiffs are entitled to any damages whatsoever.

To the extent any allegation in the Complaint is deemed admitted by operation of Rule 8(b)(6) because it is not specifically denied, Defendant hereby supplements this general denial to specifically deny each and every allegation in the Complaint individually and collectively, including all allegations regarding jurisdiction, venue, the parties, the facts, the causes of action, and the relief requested.

## III. AFFIRMATIVE DEFENSES

Without waiving the foregoing general denial, and without waiving any additional defenses that may become available through discovery, Defendant asserts the following affirmative defenses:

### First Affirmative Defense — Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted against Defendant.

## Second Affirmative Defense — Lack of Proximate Causation

Plaintiffs cannot establish that any act or omission of Defendant was the proximate or legal cause of the decedent's death. The decedent's death resulted from independent causes unrelated to any conduct of Defendant, including but not limited to the decedent's own voluntary conduct, pre-existing conditions, and the conduct of third parties.

## Third Affirmative Defense — Intervening and Superseding Cause

The decedent's death was caused by intervening and superseding causes that were independent of and unforeseeable to Defendant, and for which Defendant bears no legal responsibility.

## Fourth Affirmative Defense — Comparative Negligence

To the extent any negligence contributed to the decedent's death, such negligence was attributable in whole or in substantial part to the decedent himself or to third parties present during the relevant period. Any recovery by Plaintiffs must be reduced in proportion to the comparative fault of the decedent and such third parties under Puerto Rico's comparative negligence principles.

## Fifth Affirmative Defense — Assumption of Risk

The decedent knowingly, voluntarily, and intelligently assumed the risks associated with his own conduct and decisions during the relevant period.

## Sixth Affirmative Defense — Failure to Mitigate

Plaintiffs and the decedent failed to take reasonable and available steps to mitigate the damages alleged in the Complaint.

## Seventh Affirmative Defense — No Punitive Damages

Defendant's conduct does not meet the legal standard for an award of punitive damages under Puerto Rico law. Defendant specifically denies that his conduct was intentional, criminally reckless, or in wanton disregard of human life. The mere allegation or existence of a criminal investigation does not establish the standard required for punitive damages.

## Eighth Affirmative Defense — Reservation of Rights

Defendant expressly reserves the right to assert any and all additional affirmative defenses that may become available or apparent through the course of discovery and litigation.

Defendant further reserves the right to respond more fully and specifically to the allegations of the Complaint upon resolution of any pending or potential criminal investigation or proceedings.

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant Pedro Rivera respectfully requests that this Honorable Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Enter judgment in favor of Defendant on all counts;

3. Deny all relief requested by Plaintiffs including compensatory and punitive damages; and

4. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Bayamon, Puerto Rico, this 22nd day of May, 2026.

Pedro Rivera

Defendant, Pro Se

Urb. Hermanas Davila, O-6 Calle 8

Bayamon, Puerto Rico 00959

Pedrorivera1628@gmail.com

Tel: 863-395-2103

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I served a true and correct copy of the foregoing upon counsel for Plaintiffs via email to alberto@castanerlaw.com.

By: /s/ Pedro Rivera — Pedro Rivera, Pro Se