## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

WENMEI PAN, in her own right and as mother of decedent YISHUN QIU a/k/a MICHAEL QIU; and
YIFAN QIU, in her own right and as sister of decedent YISHUN QIU a/k/a MICHAEL QIU

Plaintiff

v.

PEDRO RIVERA; JOHN AND JANE DOE; INSURANCE COMPANIES ABC

Defendants

**Civil No. 2025cv1679**

**Wrongful Death; Diversity**
**Jury Trial**

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
### (ECF No. 21)

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, Wenmei Pan and Yifan Qiu, through the undersigned counsel, and respectfully respond to the Court's Order to Show Cause entered on June 18, 2026 (ECF No. [21) as follows:

The Court's Order to Show Cause references ECF No. 10 as the source of the obligation to file a Joint Proposed Scheduling Memorandum by June 8, 2026. Plaintiffs respectfully note that the Scheduling Memorandum obligation was set forth in the Order entered at ECF No. 12, signed by the Court on May 7, 2026, which directed the parties to file a Joint Proposed Scheduling Memorandum by June 8, 2026. ECF No. 12 further specified the required contents of that memorandum, including Rule 26 disclosures, each party's factual and legal contentions, identification of fact and expert

witnesses with summaries of their testimonies, a discovery timetable with suggested deadlines, and confirmation of whether the parties consent to proceed before a United States Magistrate Judge. Plaintiffs respectfully bring this discrepancy to the Court's attention in the interest of an accurate record, and respond herein to the substance of the Court's inquiry, which pertains to the obligation set forth in ECF No. 12.

The undersigned counsel for Plaintiffs respectfully submits this response with complete candor, as the Court's guidance is urgently needed on a circumstance that has no straightforward procedural resolution under the Local Rules as presently applied.

Defendant Pedro Rivera is appearing in this matter *pro se*. He has not retained counsel at any point since this action was filed. The Joint Proposed Scheduling Memorandum required by ECF No. 12 is not a routine filing. It requires, at minimum, a coordinated presentation of each party's factual contentions, legal theories, identification of fact and expert witnesses with summaries of proposed testimony, and a mutually agreed discovery timetable. These are substantive litigation tasks that presuppose an opposing party capable of formulating and communicating legal positions, evaluating discovery parameters, and engaging in the kind of good-faith negotiation that a joint submission to the Court demands.

The undersigned has been unable to accomplish any of this with Defendant Rivera. Coordinating the preparation of a joint scheduling memorandum with a lay person appearing *pro se* in a wrongful death case of this complexity presents a difficulty that is not merely practical but potentially ethical. A joint submission to the Court necessarily involves collaborative drafting, exchange of legal positions, and agreement on procedural milestones. The undersigned cannot and should not be placed in the position of drafting the document that lays the foundation for the case moving forward jointly with a layperson. This is not a problem that diligence on the part of Plaintiffs' counsel can resolve.

Defendant Rivera has represented, on the record, that he is experiencing financial difficulties that have prevented him from retaining counsel. In light of that representation, and recognizing that this case cannot proceed in any orderly fashion in the absence of counsel for the Defendant, the undersigned, on June 23, 2026, sent Mr. Rivera an email urging him to seek appointment of *pro bono* counsel pursuant to Local Civil Rule 83L of the Local Rules of the United States District Court for the District of Puerto Rico. The undersigned included in that communication the text of Rule 83L, the telephone number of the Clerk's office, and an explanation that the Clerk's office maintains the forms and procedures necessary to request appointment of *pro bono* counsel in civil matters.

As of the date of this filing, Defendant Rivera has not responded to that email. He has not filed any motion with the Court seeking appointment of *pro bono* counsel under Rule 83L or under any other procedural vehicle. He has not filed any other communication with the Court or with undersigned counsel since the Court's Show Cause Order was entered.

The undersigned will be direct with the Court: it is not clear how to proceed. The obligation imposed by ECF No. 12 is a joint one, and the other party to that joint obligation is an unrepresented lay person who is not engaging with the litigation. Plaintiffs are prepared, willing, and able to comply with all deadlines and to prosecute this action with the diligence the Court's case management expectations require. The barrier to filing the Joint Proposed Scheduling Memorandum is not a lack of effort or attention on the part of Plaintiffs' counsel; it is the structural impossibility of filing a joint document when the adverse party is not participating.

Plaintiffs respectfully suggest the following options for the Court's consideration, and invite the Court to direct whichever course it deems most appropriate:

First, the Court could *sua sponte* refer this matter to the Clerk of Court under Local Civil Rule 83L for the identification and appointment of *pro bono* counsel for Defendant Rivera, and hold the

scheduling obligations in abeyance pending such appointment. This would be the most orderly path to a functional joint memorandum and a workable case management order.

Second, the Court could permit Plaintiffs to file a *unilateral* proposed scheduling memorandum setting forth Plaintiffs' positions on each of the required topics, with a notation that Defendant Rivera did not participate in its preparation, and with service on Defendant Rivera at the email address he provided on the record. The Court could then issue a Case Management Order on the basis of Plaintiffs' submission, subject to revision if and when Defendant obtains counsel.

Third, the Court could issue an Order directly to Defendant Rivera, under penalty of sanctions or other consequences appropriate under the circumstances, requiring him to either retain counsel at once, or move for *pro bono* appointment under Local Civil Rule 83L, failing which the Court could proceed on the basis of Plaintiffs' unilateral submission.

Plaintiffs do not presume to dictate the Court's case management choices and respectfully defer to whatever course the Court considers most appropriate. What Plaintiffs ask is simply that the Court be aware of the full picture, that Defendant Rivera's failure to obtain counsel and to engage with this litigation is not attributable to any action or inaction by Plaintiffs, and that Plaintiffs remain fully prepared to comply with whatever schedule and procedural requirements the Court may direct.

**WHEREFORE,** Plaintiffs respectfully request that the Court: (i) accept this Response as a sufficient showing of cause for Plaintiffs' inability to file the Joint Proposed Scheduling Memorandum by June 8, 2026; (ii) decline to impose sanctions on Plaintiffs for a failure of compliance attributable solely to the Defendant's non-participation; and (iii) provide such guidance or enter such orders as the Court deems appropriate to allow this case to proceed in an orderly fashion consistent with the Court's case management expectations.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 8th day of July 2026.

**CASTAÑER & BAELLA LLC**
Capital Center Building I

239 Ave A Hostos Ste 1201
San Juan PR 00918
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

Attorneys for Plaintiff

By:s/Alberto Castañer
**Alberto J. Castañer**
USDC-PR No. 225706

CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ Alberto J. Castañer
Alberto J. Castañer, Esq.
USDC 225706